UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: MATTER OF SUBPOENAS | § | |
| SERVED ON NON-PARTY SERIES 7 | § | CAUSE NO. 1-23-MC-00319-DII |
| OF PARAMOUNT DEVELOPMENT | § | (CIVIL ACTION NO. 2:22-CV-5043 |
| FINANCE PARTNERS 3.0 LLC | § | UNITED STATES DISTRICT COURT |
| | § | FOR THE EASTERN DISTRICT OF |
| | § | PENNSYLVANIA) |

**O R D E R**

Before the Court is Non-Party Series 7 of Paramount Development Finance Partners 3.0 LLC's Opposed Motion to Quash Subpoenas in a Civil Action and Opposed Motion for Sanctions, filed March 23, 2023 (Dkt. 1); SB PB Victory, LP's Objection to the Opposed Motion to Quash and Sanctions, filed March 30, 2023 (Dkt. 3); and Non-Party Series 7 of Paramount Development Finance Partners 3.0 LLC's Reply, filed April 6, 2023 (Dkt. 4). The District Court referred the Motion to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 2.

**I.   General Background**

Series 7 of Paramount Development Finance Partners 3.0 LLC ("Paramount"), an Austin, Texas-based commercial real estate lender, seeks to quash subpoenas from SB PB Victory, LP ("SB") requesting information about the assets of two defendants in a lawsuit pending in the Eastern District of Pennsylvania. *See SB PB Victory, LP v. Tonnelle North Bergen LLC and Thomas Verrichia*, No. 2:22-CV-05043-CFK (E.D. Pa. Dec. 19, 2022) ("Pennsylvania Lawsuit"). Paramount is not a party to the Pennsylvania Lawsuit.

**A. Arbitration and Ensuing Lawsuit**

On August 30, 2019, SB, a Fort-Worth, Texas-based commercial real estate lender, entered into a construction loan agreement with Thomas Verrichia, a New Jersey real estate developer, to develop certain commercial property in Hudson County, New Jersey. Dkt. 1 at 2. Under the Loan Agreement, SB agreed to lend Verrichia's company, Tonnelle North Bergen LLC ("Tonnelle"), approximately $17 million pursuant to a Promissory Note to develop the construction project. *Id.* Concurrent with the Note, Verrichia personally executed a Guaranty Agreement in which he guaranteed prompt payment of the Note. *Id.*

Tonnelle and Verrichia defaulted on the Note on November 30, 2020. Tonnelle and Verrichia disputed the default and initiated an arbitration proceeding in Colorado under the arbitration clause in the Loan Agreement. *Tonnelle North Bergen LLC v. SB PB Victory, L.P., et al.*, AAA Case No. 01-20-0015-8668 (June 18, 2021) (Ruscitti, Arb.); Pennsylvania Lawsuit, Dkt. 1-3.

The Arbitrator bifurcated the Arbitration into three separate phases. On April 23, 2022, the Arbitrator issued his Phase I Interim Award finding that Tonnelle and Verrichia breached the parties' agreements and awarding SB "the principal sum of $16,573,835.18, plus pre-judgment interest commencing December 1, 2020 through January 5, 2022 in the amount of $2,762,141.11, jointly and severally against Tonnelle under the Note and Verrichia under the Guaranty." Pennsylvania Lawsuit, Dkt. 1-3 at 24. On August 30, 2022, the Arbitrator severed the Phase I Interim Award, making it the Final Phase I Award "that can be confirmed by an appropriate court." *Id.* at Dkt. 1-4 at 3.

On December 19, 2022, SB filed a Petition to Confirm Arbitration Award in the Eastern District of Pennsylvania, seeking to confirm the Final Phase I Award against Tonnelle and Verrichia. *Id.* at Dkt. 1. On February 22, 2023, the district court entered an Order confirming the Phase I Final Award and entered judgment "jointly and severally" against Tonnelle and Verrichia

("Judgment Debtors") in the amount of $16,573,835.18, plus pre- and post-judgment interest. *Id.* at Dkt. 18.

## B. Discovery Dispute

Although Paramount was not a party to the Pennsylvania Lawsuit, the Arbitration, or the Loan Agreement, SB served production and deposition subpoenas on Paramount on March 9, 2023 seeking information in Paramount's possession about the financial assets of the Judgment Debtors. Dkts. 1-6, 1-7. Paramount moves to quash the subpoenas under Rule 45(d), arguing that they "are overbroad, are invasive, impose unnecessary expense and undue burden, and improperly seek evidence not reasonably calculated to identify the Judgment Debtors' assets." Dkt. 1 at 5. Paramount also requests sanctions against SB for its "grossly impermissible fishing expedition of a competitor." *Id.* at 1.

## II. Legal Standards

Rule 69(a)(2) allows a judgment creditor to obtain discovery "from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."

> Rule 69 was intended to establish an effective and efficient means of securing the execution of judgments. The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made. To effectuate that purpose, the discovery rules are to be liberally construed. Nevertheless, the Federal Rules of Civil Procedure permit the district court to limit discovery.

*JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 256 (5th Cir. 2019) (cleaned up).

Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A discovery request is relevant when it seeks admissible evidence or is reasonably calculated to lead

3

to the discovery of admissible evidence. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). While the scope of discovery is generally broad, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Thus, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). In addition, under Rule 45(d)(3)(A), the district court "must" quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Rule 45(d)(3)(B) provides that a district court "may" quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

The party seeking discovery bears the initial burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019). If the party seeking discovery meets that burden, the burden shifts to the party resisting discovery to show why the discovery is not proper. *Id.*

A trial court enjoys wide discretion in determining the scope and effect of discovery. *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

### III.    Analysis

SB's production Subpoena seeks all documents and communications in Paramount's possession about any assets owned or transferred by Judgment Debtors from January 1, 2017 through the present, knowledge of any payments made to or from the Judgment Debtors since January 1, 2017, and knowledge of Judgment Debtors' income, tax returns and bank accounts. Dkt. 1-6 at 11-18. SB also asks Paramount to produce a corporate representative to testify on these issues. Dkt. 1-7.

Paramount argues that the Subpoenas should be quashed because (1) SB can obtain the information sought directly from the Judgment Debtors; (2) Paramount does not have the information requested; and (3) the discovery requests are harassing, abusive, unduly burdensome, and require Paramount to disclose privileged and protected information to a direct competitor.

The Court agrees that the Subpoenas should be quashed under Rule 26(b)(2)(C)(i). Although Paramount admits that it "has transacted with Verrichia and his related entities in the past," Paramount has provided unrebutted sworn testimony that it "does not have an existing relationship or contract with the Judgment Debtors" and "lacks information and documents relating to the Judgment Debtors' current assets, current liabilities, ability to satisfy SB's Lawsuit Judgment, etc." Dkt. 1 at 2, 5; Waxman Aff., Dkt. 1-12 ¶ 10.

In addition, after Paramount moved to quash in this Court, SB filed three motions to compel in the Pennsylvania Lawsuit against the Judgment Debtors and non-parties Verrichia Company, LLC and DACK Realty, LLC, seeking the same discovery at issue here. Pennsylvania Lawsuit, Dkts. 46-48. On May 11, 2023, the district court granted the motions to compel and ordered the Judgment Debtors and non-parties to respond to the discovery. *Id.* at Dkts. 51-53. Accordingly, SB already has received an order compelling production of the information it seeks here.

Because the Court finds that SB's discovery requests to Paramount are "unreasonably cumulative or duplicative" and seek information that can be obtained from the Judgment Debtors directly, the Court **QUASHES** the Subpoenas to Paramount under Rule 45(d) and Rule 26(b)(2)(C)(i). The Court, however, declines to impose sanctions against SB at this time.

### IV.   Conclusion

Non-Party Series 7 of Paramount Development Finance Partners 3.0 LLC's Opposed Motion to Quash Subpoenas in a Civil Action and Opposed Motion for Sanctions (Dkt. 1) is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** the Motion to Quash and **DENIES** the Motion for Sanctions.

The Court further **ORDERS** the Clerk to close this case.

**SIGNED** on June 5, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

6